THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-11169 |
| | § | |
| JOSHUA MARTIN TAYLOR, | § | |
| | § | |
| DEBTOR | § | CHAPTER 7 |

---

| | | |
|---|---|---|
| REED AND ANNIKA SEATON | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | ADVERSARY NO. _____ |
| | § | |
| JOSHUA MARTIN TAYLOR | § | |
| *Defendant* | § | |
| | § | |

**PLAINTIFFS' COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT**

Plaintiffs, Reed and Annika Seaton ("Plaintiffs" or "Seaton"), file this complaint to determine the dischargeability of a debt owed to them by Defendant, Joshua Martin Taylor ("Defendant" or "Debtor") pursuant to 11 U.S.C. §523(a)(2)(A), (4) and (6).

**Jurisdiction**

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334.  It is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

**Parties**

2.       Plaintiffs are individuals who may be served by serving the undersigned counsel for Plaintiffs.

3.      Defendant is an individual who resides and may be served at 262 Magnolia Blossom Cove, Driftwood, Texas 78619.

**Factual Allegations**

4.      Plaintiffs and Defendant entered into an agreement (the "Contract") whereby Defendant agreed to make improvements to a pool and perform landscaping work (collectively, the "Improvements") at Plaintiffs' home located at 8424 Calera, Austin, Texas 78746.  Defendant began making the Improvements on or about July, 2017.

5.      Plaintiffs paid Defendant $22,066.00 for travertine tile flooring and $6,590.00 for a 54 inch lynx grill, but these items were never delivered to the job site.  In addition, the concrete supplier filed a lien. Plaintiffs had to pay the concrete supplier $6,787.50 to secure release of the lien and are subrogated to the supplier's rights and claims against Defendant.  In summary, Plaintiffs paid a total of $35,443.50 for materials not delivered and for subcontractors not paid by Defendant.

6.      Defendant failed to complete the Improvements within a reasonable time and abandoned the job in September, 2017.  Plaintiffs were forced to hire another contractor to correct deficiencies in the work performed by Defendant and to complete the work not performed by Defendant.

7.      Prior to entering into the Contract, and in connection therewith, Defendant represented to Plaintiffs that the Improvements would be constructed in a good and workmanlike manner and that labor and material would be of a certain quality.  In addition, Defendant represented to Plaintiffs that Defendant was capable of performing his obligations under the Contract.  Further, Defendant represented to Plaintiffs that payments made by Plaintiffs to Defendant for construction of the Improvements would be used for specific purposes, including payment to various subcontractors and material providers for the construction of the Improvements.  These representations (collectively, the "Representations") were made both

orally and in writing to Plaintiffs.  These Representations were made by Defendant with the intent that Plaintiffs would act in reliance on them and in fact, Plaintiffs did rely on the Representations of Defendant and would not have entered into the Contract and would not have paid Defendant without these Representations. Unfortunately, the Representations were false and Defendant knew they were false at the time made.

8.      The Improvements were not constructed in a good and workmanlike manner and were not completed within a reasonable period of time.  Defendant and/or subcontractors working for Defendant were negligent and failed to exercise reasonable care in the performance of their work, which proximately caused defects in the work and damage to property owned by Plaintiffs. Plaintiffs were forced to hire another contractor to complete the Improvements, at a total cost of $57,152.00.

9.      Subsequently, Plaintiffs filed a state court lawsuit against Defendant for, among other things, violations of Chapter 162 of the Texas Property Code (misapplication of construction trust funds), violations of Chapter 134 of the Texas Civil Practice & Remedies Code (Texas Theft Liability Act), and violations of Chapter 17 of the Business and Commerce Code (the Texas Deceptive Trade Practices-Consumer Protection Act).  Plaintiffs filed a motion for summary judgment in the state court lawsuit and thereafter, Defendant filed the above captioned and numbered bankruptcy case.

10.     As a result of Defendant's actions, Plaintiffs have been damaged in the total amount of $63,564.50, which is the amount that Plaintiffs were required to pay over and above the Contract price to complete the Improvements.  In addition, Plaintiffs were required to employ counsel to seek recovery of the amount owed by Defendant.

**Claims for Relief**

**A.  11 USC §523(a)(2)(A)**

11.     Based on the foregoing, Defendant made the Representations to Plaintiffs to induce Plaintiffs to enter into the Contract and to pay money to Defendant for the construction of the Improvements.    Plaintiffs relied upon these Representations and made payments for the construction of the Improvements.  The Representations were false and Defendant knew they were false.  Defendant obtained money from Plaintiffs by false pretenses, false representation or actual fraud.  Therefore, Defendant's debt to Plaintiffs should be determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

**B.  11 USC §523(a)(4)**

12.     Based on the foregoing, the funds paid by Plaintiffs under the Contract constitute trust funds under Chapter 162 of the Texas Property Code.  Defendant held those funds in trust for Plaintiffs.  Defendant, as a fiduciary for Plaintiffs, was legally obligated to use those funds to pay for the promised materials and to pay downstream subcontractors and/or material suppliers.  Debtor misused the funds in violation of Chapter 162.  Such conduct constitutes fraud or defalcation while acting in a fiduciary capacity.  Therefore, Defendant's debt to Plaintiffs should be determined to be non-dischargeable pursuant 11 U.S.C. §523(a)(4).

**C.  11 USC §523(a)(6)**

13.     Based on the foregoing, Defendant obtained execution of the Contract and funds from Plaintiffs for construction of the Improvements by false pretenses, false representation or actual fraud.  In addition, Debtor breached his fiduciary duty to Plaintiffs by failing to use construction trust funds for the payment of downstream subcontractors and/or material suppliers. The Improvements were not constructed in a good and workmanlike manner and were not completed within a reasonable period of time.  Defendant and/or subcontractors working for Defendant were negligent and failed to exercise reasonable care in the performance of their work,

which proximately caused defects in the work and damage to property owned by Plaintiffs. Debtor did all of these things willfully and maliciously. Therefore, Defendant's debt to Plaintiffs should be determined to be non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

14.     Plaintiffs are entitled to their attorney's fees as allowed by Texas law, in an amount to be determined by the Court.

### Prayer

WHEREFORE, Plaintiffs respectfully pray for a non-dischargeable judgment against Defendant in the amount of $63,564.50, plus reasonable attorney's fees, pursuant to 11 U.S.C. §523(a)(2), (4), and (6), and for such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

C. DANIEL ROBERTS, P.C.
1602 E. Cesar Chavez
Austin, Texas  78702
Telephone: (512) 494-8448
Facsimile: (512) 494-8712
By:   */s/ C. Daniel Roberts*
        C. Daniel Roberts
        Texas Bar No.: 16999200
        droberts@cdrlaw.net

AND

Kemp W. Gorthey
Texas Bar No. 08221275
604 West 12th Street
Austin, Texas  78701
Telephone: (512) 236-8007
Facsimile: (512) 479-6417
kempgorthey@austin.rr.com

ATTORNEYS FOR REED AND ANNIKA SEATON